## Charles L. Steel and Mary Steel v. Louis Fitz Henry.

1. MARRIED WOMEN.—*Husband's Debts—Wife's Earnings Kept as a Common Fund.*—Where no account is kept of money earned by the wife as her separate property, and it is treated and used as a common fund, to be used as the necessities of the parties might require, and no effort is made to make a settlement upon the wife, the proceeds of such property is subject to the payment of the husband's debts.

2. SAME—*Property Purchased by Husband With Joint Savings.*—Where the joint savings of the husband and wife pass into a common fund, and are used for the purchase of property in the husband's name, in whose name the title stands of record for over twenty years, of which the wife has either actual or constructive notice, she can not assert title to such property as against a creditor whose right accrued while the title so stood in her husband.

Creditor's Bill.—Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Decree for complainant. Appeal by defendants.   Heard in this court at the May term, 1898. Affirmed.   Opinion filed October 5, 1898.

L. C. HAY, attorney for appellants.

J. E. & T. L. POLLOCK, attorneys for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is a creditor's bill. The bill by specific allegations charges that certain assignments of two chattel mortgages and a real estate mortgage, and a conveyance of the homestead by Charles L. Steel to his wife, Mary Steel, appellants herein, are fraudulent as to appellee, a creditor of Charles L. Steel. Upon a hearing in the court below these assignments of the chattel mortgages and the real estate mortgage and the conveyance of the homestead, except as to the sum of $1,000, were held void as to appellee, and appellants bring the case to this court by appeal.

It appears from the evidence that on May 15, 1896, Charles L. Steel signed a promissory note, with Verne A. MacGilvray, for $400, payable to the order of Mrs. George M. Adams, due November 1, 1895, which was assigned by the payee of the note to the appellee, who obtained judgment against Verne A. MacGilvray and Charles L. Steel December 16, 1896, for $416.41. Execution was issued thereon and returned "No property found," and this bill was filed December 21, 1896. On the 28th day of February, 1896, Verne A. MacGilvray assigned to Charles L. Steel a chattel mortgage given by George G. Henring and Clinton G. Henring to Verne A. MacGilvray for $1,200, and on the same day MacGilvray assigned another chattel mortgage, given by C. G. Henring to him, for the sum of $560, to Charles L. Steel. On the 27th day of April, 1895, Cubid Riarson and wife executed and delivered to Charles L. Steel a real estate mortgage for $250. On the 25th day of November, 1896, the day after Charles L. Steel had been served with summons in the case of Louis Fitz Henry against MacGilvray and Charles L. Steel, he assigned the two chattel mortgages, and the real estate mortgage to his wife, and on the same day conveyed to her their homestead, the title thereof being in Charles L. Steel. For the "Henring chattel" mortgages Charles L. Steel paid $1,000. This sum, and the money

loaned Riarson, and the money invested in the homestead, it is claimed by appellants were the separate property of the wife. On the part of the appellee this is denied, and it is claimed these conveyances and assignments are without consideration and void as to appellee as a creditor of Charles L. Steel, and were made for the purpose of hindering and delaying him in the collection of his judgment. It appears from the evidence that about forty years since, Charles L. Steel located at Bloomington, Illinois; that his business was that of a printer; that his average earnings were about fifteen dollars per week, until eight or ten years ago, and since that time he has been receiving nine dollars per week. As far as he received his earnings it was his habit to turn them over to his wife, and she took charge of the money, paying out of it the family expenses, and retaining the balance for safe keeping, evidently intending that it should be used as the necessities of the parties might require. By their thrift they accumulated sufficient in a few years to purchase a homestead, and the title was taken in the husband's name, in whom it rested until the conveyance of November 25, 1898. During this time the wife, Mary Steel, kept one or more boarders, the table being supplied by the money received in part from the boarders and part from her husband's earnings. It also appears that two cows were bought out of their joint savings and milk and butter sold, and the money passed to their common fund; that this money was used with the earnings of the husband indiscriminately to defray the expenses of the family, pay the taxes and make repairs; that a loan of $1,000 had been made at three times in the wife's name, and afterward loaned or used by the husband. It does not appear that at any time was there any account kept of any money that was the wife's separate property; it was treated and used as a common fund to be used as the necessities of the parties might require. There was no effort to make a settlement upon the wife. It would seem under this state of facts, that the property sought to be subjected to the payment of appellee's judgment was liable therefor. Herbert v. Herbert, 144 Ill. 115.

Even though the property transferred to the wife by the husband on the 25th of November, 1896, was the separate property of the wife, yet it would be void as to appellee, a then existing creditor. At the time of the creation of the indebtedness of Verne A. MacGilvray and Charles L. Steel to Mrs. George W. Adams for $400, the title to the homestead, the Riarson real estate mortgage, and the Henring chattel mortgage stood in Charles L. Steel. The deed for the homestead to Charles L. Steel and the Riarson real estate mortgage to him had been duly recorded, and of this Mary Steel was bound to take notice. The title had been standing in him of record for over twenty years. She can not now assert title to these premises as against a creditor whose right accrued while the title stood in him, of which she had either actual or constructive notice. This, we think, was a fraud in law upon appellee, as a creditor of Charles L. Steel.

The conveyance and assignment of all the property, apparently, that had been accumulated by their joint efforts, on November 25, 1896, by Charles L. Steel to his wife, Mary Steel, without any showing why she should have everything and he have nothing, and the fact that it was done the next day after appellee brought suit against him, will warrant us in holding it was done for the purpose of hindering and delaying appellee in the collection of his claim against Charles L. Steel.

We are of the opinion the decree of the Circuit Court is right and should be affirmed.

Decree affirmed.